UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZA V. INIGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ONTRAC LOGISTICS, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-05854-JD<br><br>**ORDER RE REMAND** |

Plaintiff Maritza Iniguez sued her former employer OnTrac Logistics, Inc. (OnTrac) and seven OnTrac employees, alleging California state law claims of disability discrimination, retaliation, and wrongful termination, among other claims. *See* Dkt. No. 1-3 (Compl.). Iniguez originally filed the case in Alameda County Superior Court, and defendants removed the action to this Court on an allegation of traditional diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. No. 1. Iniguez asks for a remand to state court. Dkt. No. 12. The parties' familiarity with the record is assumed, and the case is remanded to state court.

The parties agree that Iniguez and OnTrac have diverse citizenship. *See* Dkt. No. 1; Dkt. No. 12 at 3. They disagree about the effect of the individual defendants -- Sergio Mendoza, Mark Mohead, Eugene Granadosin, Marie Sadler, Terri Hart, David Madlock, and Traci Blackwell -- who, like Iniguez, are California residents. *See* Compl. ¶¶ 3, 5-11.[1] The individual defendants are named in the eighth, ninth, tenth, and eleventh causes of action for violations of the California Labor Code §§ 201, 203, 226, and 226.7, for failure to provide meal breaks, rest breaks, accurate wage statements, and timely wages following discharge. Compl. ¶¶ 134-72. Defendants say the individual defendants are sham defendants who were fraudulently joined and whose citizenship should consequently be disregarded for jurisdictional purposes. *See* Dkt. No. 1 at 5-9.

---

[1] Iniguez also named fifty "Doe Defendants," Compl. ¶ 12, but the "citizenship of defendants sued under fictitious names" is to be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

The governing standards for the remand motion are well established. As in all federal cases, the foundational principle is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000." *Dole v. Verisk Analytics, Inc.*, No. 22-cv-06625-JD, 2023 WL 2985116, at *1 (N.D. Cal. Apr. 17, 2023) (citing 28 U.S.C. § 1332(a)). "An out-of-state defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1441(a)). "A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter jurisdiction." *Id.* (citing 28 U.S.C. § 1447(c)). There is a "strong presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in favor of remand, *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). "Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined." *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).

The burden of establishing removal is even heavier when a defendant is said to have been fraudulently joined to defeat jurisdiction. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Geisse v. Bayer HealthCare Pharms. Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854, at *2 (N.D. Cal. Mar. 18, 2019) (quoting *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)) (internal citation omitted). "[S]hort of proving that the plaintiff committed actual fraud in pleading jurisdictional facts, a defendant urging fraudulent joinder must show that the non-diverse party who was joined in the action cannot be liable on any theory." *Id.* (quoting *Grancare*, 889 F.3d at 548) (internal quotation omitted). "Our circuit has emphasized that this inquiry is not the same as the Rule 12(b)(6) review for failure to state a plausible claim." *Id.* (quoting *Grancare*, 889 F.3d at 549).

2

"It has a lower bar and requires only that there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Grancare*, 889 F.3d at 549) (internal quotation omitted) (emphasis in original). "This means that the joinder of a non-diverse party will not necessarily be deemed fraudulent even if the claim could be dismissed." *Id.* (quoting *Grancare*, 889 F.3d at 549). "In effect, the 'possibility' standard is akin to the 'wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quotations and citation omitted).

There is a "'general presumption against [finding] fraudulent joinder,'" which adds to the usual presumption against removal in all cases under Section 1332(a) and imposes a particularly heavy burden on the defendant to prove. *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). The defendant has some leeway to present facts outside the complaint, but the complaint is usually the best guide in determining whether joinder was fraudulent, and in any event the defendant must prove fraudulent joinder by clear and convincing evidence. *Id.* at 549; *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, the possibility of the individual defendants' liability for Iniguez's wage-and-hour claims turns on Section 558.1 of the California Labor Code. As the Section states:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

Iniguez says that the individual defendants were directors, officers, or managing agents of OnTrac. Dkt. No. 12 at 5-7. To be a "managing agent," an employee must "exercise substantial

3

independent authority and judgment over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999). To be held individually liable under Labor Code Section 558.1, which went into effect on January 1, 2016, a person acting on behalf of an employer must have had "personal involvement in the enumerated violations in section 558.1; or, absent personal involvement, ha[d] sufficient participation in the activities of the employer -- including, for example, over those responsible for the alleged wage and hour violations -- such that the [person] may be deemed to have contributed to, and thus have 'cause[d]' such violations." *Usher v. White*, 64 Cal. App. 5th 883, 886 (2021).

The allegations of facts in the complaint with respect to these elements are a bit perfunctory. *See* Compl. ¶¶ 5-11. Plaintiff says, for example, that "[u]pon information and belief, . . . , at all relevant times, Defendant MENDOZA was a 'managing agent' and/or 'supervisor' within the meaning of Code of Civil Procedure § 3294(b) and Civil Government Code § 12926(r)," and that Mendoza "is or was an employee, agent, servant, supervisor, managing agent, owner, partner, joint venturer, director, and/or officer of Defendant [OnTrac]." *Id.* ¶ 5.

But defendant's proffer in response, namely the declaration of Michael Hishmeh, OnTrac's Director of HR Business Partners, is purely conclusory. *See* Dkt. No. 13-1. For each of the seven individual defendants, Hishmeh makes the same boilerplate recitation that the employee "played no role in the creation or development of OnTrac's meal and rest break policies and has no authority to amend these policies," and the employee "is not and has never been an owner, officer, director, or managing agent of OnTract." *Id.* ¶ 3 (Mendoza), ¶ 4 (Granadosin), ¶ 5 (Madlock), ¶ 6 (Mohead), ¶ 7 (Sadler), ¶ 8 (Blackwell), ¶ 9 (Hart).

This will not do for purposes of removal. The jurisdictional inquiry is not the same as a Rule 12(b)(6) review. Iniguez need meet only a "lower bar [that] requires only that there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Geisse*, 2019 WL 1239854, at *2 (quotations omitted). Iniguez has crossed that bar. Her complaint alleges, for example, that defendant Mendoza's "substantial independent authority and judgment affected company policies and practices pertaining to meal breaks, rest breaks, minimum wage payments, overtime payments, timely payment, and itemized

4

wage statements," and his "involvement in company policies resulted in Labor Code violations that Plaintiff suffered, including code sections pertaining to meal breaks, rest breaks, minimum wage payments, overtime payments, timely payment, and itemized wage statements." Compl. ¶ 5. Iniguez also alleges that Mendoza was "personally involved in the purported violation of one or more of the enumerated provisions." *Id*. OnTrac's conclusory declaration fails to refute these allegations by clear and convincing evidence, and instead confirms that Mendoza was "employed as an Operations Manager at the Fremont, California facility." Dkt. No. 13-1 ¶ 3.

Consequently, this is not a record that supports the conclusion that Iniguez has no chance of recovering against any of the individual defendants. Removal to federal court was improper, and the case is ordered remanded to the Superior Court of the State of California, County of Alameda. 28 U.S.C § 1447(c).

Iniguez's request for attorney fees is denied. Dkt. No. 12 at 8-10. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable solely because the removing party's arguments lack merit, and whether to award costs and expenses is within the Court's discretion. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008); *Jordan v. Nationstar Mort. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

On the record just discussed, an award of attorney's fees is not warranted under 28 U.S.C. § 1447(c). There is also no good cause to impose sanctions under Federal Rule of Civil Procedure 11. Each side will bear its own costs and fees in connection with the removal and remand proceedings.

**IT IS SO ORDERED.**

Dated: April 10, 2025

JAMES DONATO
United States District Judge

5